By the Review Panel :
House Resolution 943, 92d Cong., 2d Sess., which was adopted on August 15, 1972, referred H.R. 3462, “A bill for the relief of Seaview Electric Company,” to the Chief Commissioner of the Court of Claims pursuant to 28 U.S.C. §§ 1492 and 2509, “for further proceedings in accordance with applicable law.”
A petition was filed here on September 14, 1972, by T. H. Egley, who stated that he was the successor in interest to Seaview Electric Company. It was indicated in the petition that a claim for relief was being asserted in connection with a contract between Seaview Electric Company and the United States, which had been terminated by the Government. The crucial allegations in the petition were to the effect “that certain unfair, improper, and discriminatory acts of the Contracting Officer [such acts were not otherwise specified in the petition] led eventually to the bankruptcy of Sea-view,” and that “An arbitrary imposition of liquidated damages of over $100,000, prevented Seaview from obtaining new contracts while being low bidder on advertized solicitations.”
Following the filing of the petition, the Chief Commissioner assigned the matter to Trial Commissioner Kenneth R. Harkins for the conduct of proceedings pursuant to 28 U.S.C. § 2509(c) and the rules promulgated by the Chief Commissioner.
On January 29, 1975, Trial Commissioner Harkins filed a report, consisting of an opinion, findings of fact, and a con- *669 elusion which stated in part that “Seaview Electric Company and its successors in interest do not have a legal claim or an equitable claim,” and that “Any payment pursuant to * * * H.R. 3462 would be a gratuity.”
Mr. Egley on May 5, 1975, filed exceptions to Trial Commissioner Harkins’ report; the defendant responded to the exceptions on September 22,1975; and, after additional proceedings before the Review Panel were concluded, Mr. Egley and defendant’s counsel presented oral arguments to the Review Panel on March 4,1976.
Mr. Egley’s exceptions to Trial Commissioner Harkins’ report consist, basically, of two contentions, which will be discussed in some detail.

The Disqualification Contention

Mr. Egley’s first contention is that Trial Commissioner Harkins should have disqualified himself 'because: (1) he indicated at a comparatively early stage of the proceeding at the trial level that he had prejudged the case; and (2) he was a member of the professional staff of the House Judiciary Committee at a time when Mr. Egley was discussing with personnel of that committee the possibility of securing the introduction of a bill for the relief of Seaview Electric Company.
This matter was assigned to Trial Commissioner Harkins on September 15, 1972, and he was thereafter in charge of the proceeding until January 29, 1975, when his report was filed. During the intervening period, Trial Commissioner Harkins held five pretrial conferences with Mr. Egley and counsel for the Government.
At the pretrial conference of October 11,-1973, Trial Judge Harkins informed Mr. Egley that the submission which the latter had made pursuant to a pretrial order directing the parties to outline the documentary evidence and the oral testimony of witnesses on which they expected to rely “was incomplete and that the materials submitted thus far did not set forth in sufiicient detail either the factual issues or plaintiff’s theory of his case.”
*670 Subsequently, at the pretrial conference of January 23, 1974, Trial Commissioner Harkins indicated that the pretrial data which Mr. Egley had submitted up to that time were insufficient to delineate the nature of the plaintiff’s claim, and that “on the basis of the information that has been supplied to date, the only recommendation that could be made to Congress at this time would be that any payment to plaintiff would be in the nature of a gratuity.”
Then, at the pretrial conference of March 20, 1974, Trial Commissioner Harkins emphasized “that plaintiff was required to show the factual basis for his claim and that such showing had not as yet been made.”
The Review Panel does not construe Trial Commissioner Harkins’ remarks as indicating that he had prejudged the case because of prejudice against the plaintiff or bias in favor of the Government. Rather, it appears that he was motivated by a commendable desire to provide guidance for a non-lawyer plaintiff as to what the latter would have to do in order to justify a favorable report to the Congress.
As for Trial Commissioner Harkins’ former membership on the professional staff of the House Judiciary Committee, there is nothing to indicate that, while occupying such position, he had any connection with, or knowledge of, Mr. Egley’s efforts to obtain the introduction of a 'bill for the relief of Seaview Electric Company. Furthermore, Mr. Egley’s efforts before the Plouse Judiciary Committee were successful, and the result was H.R. 3462, 92d Congress.
The Review Panel does not find in the record any basis on which Trial Commissioner Plarkins should have disqualified himself from handling this matter at the trial level.
In addition, it should be noted that Mr. Egley never attempted to secure the removal of Trial Commissioner Harkins from the proceeding — as Mr. Egley was entitled to do under Rule 14(d) — and, indeed, did not express any dissatisfaction with Trial Commissioner Harkins until after the latter had filed his report unfavorable to the plaintiff. Thus, from the strictly technical standpoint, Mr. Egley waived his right to object to the qualifications of Trial Commissioner Harkins.

*671
The Lach-of-Trial Contention

Mr. Egley lias also excepted to Trial Commissioner Harkins’ report on tbe ground tbat no trial was held prior to the preparation and filing of the report.
On January 10, 1973, Trial Commissioner Harkins issued a pretrial order which (among other things) directed the plaintiff to submit a pretrial statement listing the documents relied on by the plaintiff, stating the pertinent facts which the plaintiff believed to be undisputed and the additional facts which the plaintiff expected to prove, and listing the plaintiff’s prospective witnesses, together with “a succinct statement of the issue or issues to which the testimony of each witness will relate.”
The plaintiff submitted a pretrial statement, with attached documents, on March 27,1973, and subsequently submitted a supplemental statement. The defendant also submitted a pretrial statement.
As indicated by Trial Commissioner Harkins at the pretrial conferences previously mentioned, the plaintiff’s pretrial statement, as supplemented, did not disclose, with any sufficient degree of clarity, just how the plaintiff proposed to prove the general allegations in the petition that the contracting officer was guilty of unfair, improper, and discriminatory actions against Seaview Electric Company, which caused the bankruptcy of Seaview, and that an arbitrary assessment of liquidated damages against Seaview prevented it from obtaining new contracts for which it was the low bidder. Mr. Egley’s outlines of what his prospective witnesses would testify about at a trial did not address the crucial issues in the case.
Faced with what seemed to the trial commissioner to be Mr. Egley’s inability to cure the deficiencies in his pretrial submission, Trial Commissioner Harkins adopted the unusual procedure of preparing, on the basis of the documentary materials previously furnished to him by the parties, a set of tentative findings of fact, with gaps here and there at points where he believed additional facts were necessary. Copies of these tentative findings were served on Mr. Egley and on defendant’s counsel, together with a directive that *672 they should severally concur in or except to each tentative finding, and that they should supplement the tentative findings by proposing additional factual data believed to be pertinent. After responses were received from the parties pursuant to Trial Commissioner Harkins’ directive, he prepared and filed the report to which Mr. Egley has excepted.
It is recognized that the procedure which Trial Commissioner Harkins adopted in disposing of the proceeding at the trial level was contrary to the established mode for the handling of Congressional Reference cases. Conventional practice would have dictated that a trial be held. However, in the oral argument before the Review Panel, Mr. Egley was unable to identify any aspect of the case that could have benefited through the presentation of live testimony. Indeed, to be more exact, the oral presentation was such as to lend convincing support to the trial commissioner’s conclusion that there was no proof at all of plaintiff’s several contentions. Oral argument made apparent, too, that had the trial commissioner not undertaken to marshall the facts (meaning, his preparation here of proposed findings), plaintiff’s case would have remained as simply a series of disjointed facts, unfocused in regard to the crucial matters in issue. Given these circumstances, it is the opinion of the Review Panel that, in this instance, the failure to hold a trial is not a sufficient reason to justify a reversal of Trial Commissioner Harkins’ report and remand of the proceeding for the holding of a trial.
CONCLUSION
The Review Panel:
(1) determines that the exceptions to the trial commissioner’s report are not meritorious;
(2) agrees with and adopts the opinion, findings of fact, and conclusion of the trial commissioner, which are attached hereto and made a part hereof; and
(3) informs the Congress that the demand involved in this proceeding is not a legal or equitable claim against the United States, and any payment on such demand would be a gratuity.